UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCUIRE LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEREDITH CPAS P.C., et al.,<br><br>Defendants. | No. 2:24-cv-02018-DAD-CKD<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. Nos. 5, 7) |

This matter is before the court on the motions to dismiss filed on August 1, 2024 by defendant Vensure Employer Services Inc. ("defendant Vensure") (Doc. No. 5) and August 8, 2024 by defendant Meredith CPAs P.C. ("defendant Meredith") (Doc. No. 7). On December 23, 2024, the undersigned issued an order relating and reassigning this action to the undersigned. (Doc. No. 24.) For the reasons explained below, defendants' motions to dismiss plaintiff's complaint will be granted with leave to amend.

**BACKGROUND**

On April 29, 2024, plaintiff initiated this action by filing its complaint in the Sacramento County Superior Court. (Doc. No. 1-1 at 2.) On July 25, 2024, defendants removed the action to this federal court. (Doc. No. 1.)

/////

1

In its complaint, plaintiff alleges as follows. Plaintiff and defendant Vensure are both professional employer organizations providing services related to workers' compensation insurance, payroll, employee benefits, and human resources to their staffing-company clients. (Doc. No. 1-1 at ¶¶ 1, 3.) Defendant Vensure's chief operating officer ("COO") was Kara Childress, though defendant Vensure was fully owned by Alex Campos. (*Id.* at ¶ 7.) Alex Campos also owned Amazing Insurance, Inc. ("Amazing"). (*Id.*) Defendant Meredith is a corporation that provides accounting and auditing services. (*Id.* at ¶ 2.)

In another related action in federal court (Case No. 2:19-cv-01349, hereinafter "the *Amazing* action"), plaintiff Accuire alleged that Amazing, Campos, Childress, "and others" attempted "a fraudulent take-over of plaintiff through various misrepresentations, omissions, concealments and unlawful acts." (*Id.* at ¶ 8.) During the attempted takeover described in the *Amazing* action, Childress allegedly took control of plaintiff's finances and, as COO of defendant Vensure, managed the debt between plaintiff and defendant Vensure. (*Id.* at ¶ 9.)

In 2018, plaintiff was required to provide Sterling National Bank ("the Bank") with an independently audited financial statement. (*Id.* at ¶ 10.) Failure to do so would place plaintiff out of compliance with the terms of its loan from the Bank. (*Id.*) Childress and defendant Vensure arranged for plaintiff's audit to be performed by defendant Meredith, a firm with which plaintiff's management had no prior dealings. (*Id.* at ¶ 11.) Childress failed to disclose that she had been made a partner in defendant Meredith in 2017 after delivering defendant Vensure as a client to defendant Meredith. (*Id.* at ¶ 12.)

"As a result of this conflict of interest," defendant Meredith prepared an inaccurate audit report that mischaracterized a debt owed by Amazing to plaintiff as instead being "goodwill." (*Id.* at ¶ 13.) Plaintiff alleges that in truth, Amazing had agreed to pay $2.7 million to plaintiff's owners, but that the audit report prepared by defendant Meredith stated that plaintiff—not Amazing—was responsible for paying the $2.7 million. (*Id.* at ¶ 14.) The audit reported omitted Amazing's obligation to reimburse plaintiff for the $2.7 million. (*Id.* at ¶ 16.)

Due to the audit report stating that plaintiff, not Amazing, was obligated to pay the $2.7 million debt, the Bank found plaintiff to be out of compliance with its loan. (*Id.* at ¶ 17.) At the

2

1  time of the audit report, plaintiff was drawing down millions of dollars on a line of credit with the
2  Bank. (*Id.*) The false audit report damaged plaintiff's relationship with the Bank, seriously
3  disrupting plaintiff's business. (*Id.*)

4  Based on the above allegations, plaintiff asserts the following two claims in its complaint:
5  (1) fraud; and (2) conspiracy to commit fraud. On August 1, 2024, defendant Vensure filed its
6  motion to dismiss plaintiff's complaint. (Doc. No. 5.) Plaintiff filed its opposition on
7  September 3, 2024 and on September 12, 2024 defendant Vensure filed its reply thereto. (Doc.
8  Nos. 13, 16.) On August 8, 2024, defendant Meredith filed its motion to dismiss plaintiff's
9  complaint. (Doc. No. 7.) Plaintiff filed its opposition on August 31, 2024 and on September 9,
10  2024, defendant Meredith filed its reply thereto. (Doc. Nos. 11, 15.)

**LEGAL STANDARD**

12  The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
13  sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
14  1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
15  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
16  F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
17  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
18  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
19  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
20  *Iqbal*, 556 U.S. 662, 678 (2009).

21  In determining whether a complaint states a claim on which relief may be granted, the
22  court accepts as true the allegations in the complaint and construes the allegations in the light
23  most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However,
24  the court need not assume the truth of legal conclusions cast in the form of factual allegations.
25  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not
26  require detailed factual allegations, "it demands more than an unadorned, the-defendant-
27  unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers
28  mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

**ANALYSIS**

**A.     Defendant Vensure's Motion to Dismiss**

In its motion to dismiss, defendant Vensure argues that plaintiff's claims are barred by California's three-year statute of limitations applicable to actions grounded in fraud. (Doc. No. 5 at 10.) Defendant Vensure points out that plaintiff's allegations concern conduct that allegedly occurred in 2018, but plaintiff did not file its complaint in state court until April 29, 2024. (*Id.*) Moreover, defendant Vensure argues, the delayed discovery rule is inapplicable here where plaintiff has alleged neither the time or manner of its discovery of the alleged fraud nor its inability to have discovered the alleged fraud earlier despite the exercise of reasonable diligence. (*Id.* at 11.) Finally, defendant Vensure contends that plaintiff should be denied leave to amend its pleadings because plaintiff had inquiry notice of the alleged fraud by no later than September 11, 2019, the date plaintiff filed its counterclaim in the *Amazing* action alleging similar fraudulent conduct. (*Id.* at 12–15.)

In its opposition, plaintiff acknowledges that a three-year statute of limitations applies to its claims but argues that the delayed discovery rule is applicable here. (Doc. No. 13 at 2–5.) Plaintiff states that it was able to discover the alleged fraud when the fraud was disclosed by

/////

/////

4

Childress in her deposition conducted on April 27, 2021.[1] (*Id.* at 3.) Plaintiff contends that until April 27, 2021, plaintiff reasonably believed that defendants Vensure and Meredith were acting in the best interests of Accuire in preparing the audit report and accepted the audit's accuracy and fairness. (*Id.* at 3–4.) Furthermore, plaintiff argues that "California courts have consistently held that the statute of limitations is tolled in situations where the defendant has taken active steps to conceal the fraud" (*id.* at 3), though plaintiff does not cite any such decisions in its opposition.[2]

In reply, defendant Vensure argues that plaintiff "provides no evidence of the deposition" of Childress on April 27, 2021, nor any allegations regarding when plaintiff discovered the alleged fraud. (Doc. No. 16 at 5, 8.) Defendant Vensure also notes that plaintiff did not respond to its argument regarding the timing of plaintiff's counterclaim brought in the *Amazing* action. (*Id.* at 10–11.)[3]

When a federal court's "jurisdiction rests on the parties' diversity of citizenship, [the federal court must] apply substantive state law, including state law regarding statutes of limitations and tolling." *G&G Prods. LLC v. Rusic*, 902 F.3d 940, 946 (9th Cir. 2018). "In California, the statute of limitations for fraud and conspiracy to commit fraud claims is three years . . . ." *MSP Recovery Claims, Series LLC v. Avanir Pharms., Inc.*, No. 22-cv-01026-DOC-KES, 2022 WL 17220647, at *4 (C.D. Cal. Oct. 20, 2022); *see also* Cal. Civ. Proc. Code § 338(d) (establishing a three-year statute of limitations for an "action for relief on the ground of fraud").

---

[1] Plaintiff does not address the fact that its complaint was stamped by the Sacramento County Superior Court as having been electronically filed on April 29, 2024, rather than April 27, 2024. (*See* Doc. No. 1-1 at 1.) However, defendant Vensure states that because April 27, 2024 was a Saturday, Federal Rule of Civil Procedure 6(a) extended the statute of limitations until the following weekday, which was Monday, April 29, 2024. (Doc. No. 16 at 5 n.1.) Because neither defendant challenges the application of Rule 6(a) to the statute of limitations here, and because plaintiff's claims must be dismissed as time-barred in any event, the court does not consider whether Rule 6(a) applies here.

[2] Indeed, plaintiff cites no authority in support of its argument that its claims are not barred by the applicable statute of limitations. (*See id.* at 2–5.)

[3] Defendant Vensure also requests that the court find plaintiff's opposition to be untimely filed and to construe that filing as a notice of non-opposition to the granting of its motion to dismiss. (Doc. No. 16 at 5, 6.) The court declines to do so and will instead dismiss plaintiff's claims on the merits for the reasons explained in this order.

1    Here, the alleged fraud occurred in 2018. (Doc. No. 1-1 at ¶ 10.) Plaintiff did not file its
2    complaint initiating this action until 2024. (Doc. No. 1-1 at 1.) Plaintiff's claims are time-barred
3    unless some exception to the applicable statute of limitations, such as the discovery rule or active
4    concealment, acts to save plaintiff's claims.

5    The discovery rule does not aid plaintiff here. "The discovery rule, 'where applicable,
6    postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the
7    cause of action.'" *Rand v. Midland Nat'l Life Ins.*, 857 F. App'x 343, 347 (9th Cir. 2021).[4]
8    "When a plaintiff's complaint clearly establishes that 'his claim would be barred without benefit
9    of the discovery rules,' the discovery rule will only apply when the complaint 'specifically
10   plead[s] facts to show (1) the time and manner of discovery *and* (2) the inability to have made
11   earlier discovery despite reasonable diligence.'" *Id.* (alterations in original) (quoting *Fox v.
12   Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)). Here, plaintiff has failed to allege the
13   time and manner of its discovery. While plaintiff contends in opposition that it discovered the
14   alleged fraud on April 27, 2021, no such allegation appears in its complaint. Nor does plaintiff
15   allege any facts regarding its inability to discover the alleged fraud despite reasonable diligence.
16   Plaintiff's claims must be dismissed on this basis alone. *See Fin. Indem. Co. v. Messick*, 606 F.
17   Supp. 3d 996, 1002 (E.D. Cal. 2022) (granting the defendant's motion to dismiss where "[n]either
18   [the plaintiff's] original complaint nor its first amended complaint state any facts about the time
19   and manner of the discovery or the circumstances surrounding [the plaintiff's] earlier failure to
20   identify the mistake"). Accordingly, defendant Vensure's motion to dismiss will be granted.

21   Plaintiff has requested to leave to amend. (Doc. No. 13 at 9.) Plaintiff has not described
22   any specific factual allegations in its opposition that it might provide in an amended complaint.
23   However, given the policy of "extreme liberality" and the fact that the court has not previously
24   dismissed plaintiff's claims, the court will nonetheless grant plaintiff leave to amend out of an
25   abundance of caution. *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960; *see
26   also Cook, Perkiss, and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990)

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

(noting that a district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). While the court may be skeptical that plaintiff will be able to do so, the court cannot determine with certainty that its complaint could not "possibly" be cured by the allegation of additional facts. *Cook*, 911 F.2d at 247. Importantly, plaintiff should only file a first amended complaint if it has a good faith basis for alleging new, additional facts that would support a finding that its claims are not barred by the statute of limitations.[5]

**B.      Defendant Meredith's Motion to Dismiss**

Defendant Meredith argues that plaintiff's claims brought against it are time-barred for the same reasons argued by defendant Vensure. (*See* Doc. No. 7-1 at 7–9.) With respect to why plaintiff's claims are not time-barred, plaintiff's opposition is virtually identical to its opposition to defendant Vensure's motion to dismiss. (*See* Doc. No. 11 at 2–4.) Consequently, for the same reasons discussed above in addressing the motion to dismiss filed by defendant Vensure, the motion to dismiss filed by defendant Meredith will also be granted. Plaintiff will be granted leave to amend, with the same cautions as are set forth above.

## CONCLUSION

For the reasons explained above,

1.      The motion to dismiss filed by defendant Vensure Employer Services Inc. (Doc. No. 5) is GRANTED, with leave to amend;

---

[5] The court further urges plaintiff to file a first amended complaint only if it has a good faith basis upon which to allege facts—not legal conclusions—showing that its counterclaim in the *Amazing* action, filed on September 11, 2019, does not demonstrate that plaintiff was on inquiry notice of the alleged fraud at that time. (*See Amazing*, Doc. No. 16.) The court may consider the existence of that counterclaim, the authenticity of which plaintiff does not—and cannot reasonably—dispute. *See Lee*, 250 F.3d at 689–90 (holding that a court may take judicial notice of "the existence" of "matters of public record" that are not "subject to reasonable dispute"); *Valenzuela v. Nationwide Mut. Ins. Co.*, 686 F. Supp. 3d 969, 974 (C.D. Cal. 2023) ("The Court finds it is an undisputed matter of public record that the [complaints] exist and were filed by Valenzuela in various courts as Nationwide describes. Accordingly, the Court will take judicial notice that these documents exist and are as Nationwide describes.") (internal citation omitted) (citing *Lee*, 250 F.3d at 690). Furthermore, the court notes that any amended complaint filed by plaintiff should address all of the deficiencies in its pleadings, such as any potential failure to allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

2. The motion to dismiss filed by defendant Meredith CPAs P.C. (Doc. No. 7) is GRANTED, with leave to amend;

3. Within twenty-one (21) days of the date of entry of this order, plaintiff shall file either a first amended complaint or a notice of its intent not to do so.

IT IS SO ORDERED.

Dated: **March 12, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE